[Civ. No. 1057.    Second Appellate District.—February 13, 1912.]

## GEORGE G. POOL, Respondent, v. PHOENIX REFINING AND MANUFACTURING COMPANY, a Corporation, Appellant.

ACTION FOR DAMAGES—BREACH OF CONTRACT TO PURCHASE MERCHANDISE SHIPPED—RESCISSION—INSUFFICIENT COMPLAINT—VALUE NOT STATED.—A complaint in an action to recover damages for breach of a contract to receive and pay for a carload of merchandise shipped by the plaintiff from its factory at Steubenville, Ohio, to the order of the defendant at Bakersfield, California, which was rescinded by plaintiff for such breach, should allege that such merchandise was of no greater value in the market than the agreed purchase price when the contract was rescinded, in order to recover as damages moneys paid out by the vendor on account of the breach, and where it states no value of the property at all, it fails to state a cause of action for any damages, and the court erred in overruling a general demurrer thereto.

ID.—AGREEMENT TO PAY FREIGHT CHARGES NOT SEVERABLE FROM PURCHASE PRICE TO SUPPORT ACTION.—The agreement to pay the freight charges in addition to the price of the merchandise at the factory, upon its shipment to this state, became a part of the purchase price in this state, and is not severable therefrom to sustain the action for breach upon rescission of the contract of purchase in this state, without an averment of the value of the merchandise at that time, which might have been worth much more than the price then agreed to be paid for it in the absence of such averment.

APPEAL from a judgment of the Superior Court of Kern County.    Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellant.

Joseph H. Tam, for Respondent.

JAMES, J.—This appeal was taken by the defendant from a judgment and is presented upon the judgment-roll alone. To the complaint of plaintiff defendant interposed a demurrer, setting forth as a ground thereof that said complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant answered, after

which the cause went to trial. On this appeal the question to be considered is as to whether the trial court was right in overruling the demurrer of defendant to the complaint of plaintiff.

Plaintiff acquired title to a claim of the Union Hardware and Metal Company, by assignment thereof, upon which he brought suit demanding judgment in the sum of $485.52, which the trial court awarded to him, together with interest and costs. The facts which constituted the alleged cause of action were, in substance, as follows: In June, 1908, defendant ordered from the Union Hardware and Metal Company a carload of merchandise, consisting of steel sheets, which was to be shipped by the vendor from its factory at Steubenville, Ohio, to defendant at Bakersfield, California; defendant agreed, upon the receipt of the merchandise at the city of Bakersfield, to pay the amount of the agreed purchase price, being the sum of $1,761.81, together with freight charges which might be made on account of the shipment. The merchandise was shipped and arrived at the city of Bakersfield in August, 1908. The defendant, notwithstanding it had notice of the arrival thereof, failed and refused to pay the freight charges, or to receive the merchandise, and the same remained in charge of the railroad company for the period of seventy-six days at that point. Thereafter, the Union Hardware and Metal Company paid the charges which had accrued, both those made for the transportation of the merchandise and demurrage accruing during the seventy-six days that the car was at the city of Bakersfield. The merchandise was then forwarded to the Union Hardware Company's warehouse in the city of Los Angeles. It was alleged further in the complaint that the freight rates and charges from the city of Steubenville, Ohio, to the city of Bakersfield were $204.76 in excess of freight rates which would have been charged had the shipment come directly from the city of Steubenville to the city of Los Angeles; that, further, the Union Hardware and Metal Company was obliged to pay additional freight charges of $204.76 for the transportation of the freight from the city of Bakersfield to the city of Los Angeles, making a total, including interest on the amounts mentioned, of $485.52. This action was in form an action for damages arising upon breach of contract of a vendee to receive and pay for personal

property, which contract the vendor elected to rescind because of such breach. The complaint contained no allegation respecting the value of the carload of merchandise, and for aught that appears therein plaintiff or his assignor may not have suffered any damage at all; that is, the carload of merchandise may have been worth a great deal more than the price agreed to be paid for it by the defendant when plaintiff's assignor rescinded the contract and took back its property. (Civ. Code, sec. 3358.)  The contract as alleged was a contract for the sale of personal property for which defendant was to pay a certain stipulated sum, and in addition thereto, the freight charges which would accrue upon the arrival of the shipment at the city of Bakersfield. If in the complaint it had been shown by proper allegation that the merchandise was of no greater value in the market to plaintiff's assignor than the agreed purchase price, at the time the contract was rescinded, then, of course, the amounts of money paid out by the Union Hardware and Metal Company on account of the failure of defendant to discharge fully its obligations under the contract would properly be recoverable as damages.  Irrespective of the provisions of the Civil Code determining the measure of damages in various cases where a vendee refuses to receive and pay for personal property sold to him (Civ. Code, secs. 3310, 3311), it is clear that the plaintiff in this case has not alleged facts from which it can be reasonably inferred that any damage at all was suffered by his assignor. The agreement to pay freight charges cannot be separated from the main contract of purchase and treated as a distinct obligation assumed on the part of the vendee. The agreement to pay freight charges formed a part of the consideration of the sale. We think that the trial court erred in overruling the demurrer to the complaint.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.